CAMPBELL, Judge.
Appellant appeals his sentence which was calculated under the sentencing guidelines. The primary error asserted is that the trial court erred in sentencing pursuant to the guidelines because appellant did not affirmatively select to be sentenced under the guidelines.
On September 21, 1976, appellant was charged by information with arson in the second degree, a violation of section 806.-01(2), Florida Statutes (1975). Appellant entered a plea of guilty and was placed on fifteen years probation. Subsequently, appellant was charged by information on March 10, 1983, with first degree grand theft, in violation of section 812.014(2)(b), Florida Statutes (1981). An affidavit of violation of probation was also filed based on the same allegation.
Sentencing was held on September 28, 1984. At the time of sentencing, appellant stated that he was not electing guideline sentencing. The written sentences, however, both indicated that appellant was sentenced outside the guidelines.
For offenses committed before October 1, 1983, but sentenced afterwards, the guidelines are applicable if affirmatively selected by the defendant. In Re Rules of *1179 Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983). The record does not reflect that appellant affirmatively selected to be sentenced under the guidelines. In the absence of such selection, the sentencing guidelines may not be applied. Cahill v. State, 467 So.2d 366 (Fla. 2d DCA 1985). The state concedes the sentencing error in the instant case.
Accordingly, we reverse and remand for resentencing.
DANAHY, A.C.J., and FRANK, J., concur.